**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MONA MALLOUK, *et al.*, :<br>    :<br>    Petitioners, :<br>    :<br>    v. : Civil Action No. 08-2003 (JR)<br>    :<br>BARACK H. OBAMA, *et al.*, :<br>    :<br>    Respondents. : | |

### MEMORANDUM

On June 8, 2009, I heard argument for and against the habeas petition filed on behalf of Naji Hamdan, an American citizen imprisoned in the United Arab Emirates (UAE). The hearing focused on two issues: whether I had jurisdiction to hear Hamdan's petition and, if I did, whether I could grant habeas relief since Hamdan has been charged with criminal offenses by the UAE, a sovereign nation. The petition prayed, not for release, but rather for a mandatory injunction requiring the United States government to "stop requesting" Hamdan's detention and to inform the UAE courts of American participation, if any, in Hamdan's alleged interrogation and torture. The government denied any participation in Hamdan's detention and interrogation.

I ruled on June 8 that the habeas petition would be dismissed, essentially because Hamdan has been charged by the UAE for domestic criminal offenses, *see Munaf v. Geren*, 128 S. Ct. 2207, 2221-24; *see also Kiyemba v. Obama*, 561 F.3d 509, 515 (D.C. Cir. 2009), but I did not dismiss the entire case because

petitioners advanced the alternative argument that 28 U.S.C. § 1331 gave me jurisdiction over Hamdan's claim of a constitutional violation and that the All Writs Act, 28 U.S.C. § 1651, provided an avenue to grant relief on that claim. I invited supplemental briefing on that argument.

The "state-created danger" claim goes like this: (1) the United States government caused Hamdan's arbitrary detention and torture by requesting that the UAE detain him, but (2) Hamdan had a substantive due process right to protection by the American government from known, or likely abuse by UAE security officials, so that (3) by requesting Hamdan's detention, the United States government heightened the risk of danger and violated Hamdan's substantive due process right. *See Butera v. District of Columbia*, 235 F.3d 637, 651 (D.C. Cir. 2001) (an individual can assert a substantive due process claim against egregious conduct by District of Columbia officials who "affirmatively act to increase or create the danger" which causes the individual's harm). The due process claim, petitioners argue, gives rise to 28 U.S.C. § 1331 federal question jurisdiction, and the All Writs Act, 28 U.S.C. § 1651, allows for any appropriate relief.

The Due Process clause provides no general right to affirmative government aid or protection, however. The "state-created danger" or "state endangerment" concept is an exception

to that rule, developed in a § 1983 case involving state actors, *see Butera*, 235 F.3d at 647.  A "state endangerment" claim against the federal government has never been recognized, and the concept has been rejected by at least one judge of this Court. *See Sadowski v. Bush*, 293 F. Supp. 2d 15, 18 n.1 (D.D.C. 2003).

The assertion of 28 U.S.C. § 1331 jurisdiction fares no better.  Petitioners concede that the All Writs Act does not provide an independent ground for jurisdiction, but only allows for relief that may be "necessary or appropriate *in aid of*" the court's jurisdiction.  28 U.S.C. § 1641(a) (emphasis added). Thus, even if habeas corpus is a "civil action" for purposes of § 1331 (a proposition for which petitioners cite no case support), the dismissal of the habeas petition here leaves nothing in the "Constitution, laws or treaties of the United States" for petitioners' claim to "arise under."

Petitioners' allegations of abuse and worse at the hands of UAE security officials may well merit further political and public inquiry, but there is no basis on this record for further action by this Court.

An appropriate order accompanies this memorandum.


                                        JAMES ROBERTSON
                                   United States District Judge